UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAVIER PIGUES,<br><br>    Plaintiff,<br><br>  v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2:15-cv-1005 KJN P<br><br><br><br>ORDER |

  Plaintiff is a former county jail inmate now incarcerated in state prison. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
2 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
3 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
4 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

3

Here, plaintiff alleges that while he was housed in the Solano County Jail, he was not provided, and was unable to purchase, dental floss to use for proper oral hygiene "because of safety reasons." (ECF No. 1 at 4.) As a result, plaintiff contends that he suffered two cracked teeth and endured two and a half years of pain, and states that he sustained irreparable damage to his teeth. Plaintiff states that the dentist performed multiple temporary fillings to cover the cracks, but the pain always remained. Plaintiff alleges the dentist then performed an incomplete root canal to remove the nerves because of the pain, but the dentist didn't finish the job because "we don't do that here." (ECF No. 1 at 4.) Plaintiff states the pain returned shortly thereafter, and the only solution offered by the dentist was to pull the tooth, which plaintiff refused. Plaintiff claims that defendants Solano County Jail and Aramark are responsible for plaintiff's pain and suffering, and the damage to his teeth, because they denied him his right to proper oral hygiene.

The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates from "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Although pretrial detainees are protected by the due process clause of the Fourteenth Amendment, courts incorporate Eighth Amendment principles in evaluating detainees' claims of medical deprivations. Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010). In this context, however, Eighth Amendment standards establish a minimum standard of care for pretrial detainees. Id.

In Board v. Farnham, 394 F.3d 469 (7th Cir. 2005), the Court of Appeals examined a claimed denial of toothpaste in the context of the Eighth Amendment and Fourteenth Amendments, as they apply both to current and future health problems. The court recognized that a claim that a deprivation of toothpaste resulted in dental problems should be analyzed "under the rubric of an inmate's right to receive adequate medical treatment." Id. at 479. It also found that a claim of a denial of toothpaste as a hygienic supply should be analyzed in the context of an inmate's right to receive necessary items as preventative of future medical or physical harm. Id. at 482. However, other courts have found that a denial of dental floss to pretrial detainees did not present a constitutional question because it did not constitute an "extreme deprivation" of basic sanitation. Reed v. Dallas County Sheriff's Dept., 2004 WL 2187104 at 4 (N.D. Tex. 2004);

4

1  Burke v. Webb, 2007 WL 419565 at 2 (W.D. Va. 2007).  See also Green v. Denning, 465 Fed.
2  Appx. 804, 807 n.2 (10th Cir. 2012) (court noted "that a claim based on the denial of dental floss
3  was one of the examples of frivolous prisoner suits cited in the legislative history of the Prisoner
4  Litigation Reform Act.)  Moreover, courts have found that prisons were within their rights to
5  deny inmates the floss for security reasons as they were made into weapons.  Burke v. Webb,
6  2007 WL 419565 (W.D. Va.); Bronson v. White, 2007 WL 3033865 (M.D. Pa.).

7       Here, although plaintiff contends that the denial of dental floss deprived him of proper
8  oral hygiene, which may not state a cognizable civil rights claim, he also appears to allege that he
9  sustained dental injury as a result.  However, plaintiff fails to properly name individuals
10 responsible for the alleged deprivation.

11      Plaintiff named the Solano County Jail as a defendant.  In Monell, the Supreme Court held
12 that a municipality was not liable under the civil rights act simply because the agency or
13 municipality employed a person who violated a plaintiff's constitutional rights.  Id., 436 U.S. at
14 658.  The basis for any such claim must be a showing of a governmental policy or custom that
15 was "the moving force" behind the constitutional violation.  City of Oklahoma City v. Tuttle, 471
16 U.S. 808, 820 (1985).  The Ninth Circuit has distilled these pleading requirements for a § 1983
17 action against a municipality:  the plaintiff must show he was deprived of a constitutional right,
18 the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's
19 constitutional rights and the policy is the moving force behind the constitutional violation.  Oviatt
20 v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).  The same requirements apply to a suit against a
21 municipal employee in his official capacity, because a judgment in such a case imposes liability
22 on the municipality.  Brandon v. Holt, 469 U.S. 464, 472 (1985).  In this case, plaintiff has not
23 alleged that the deprivation was the result of a policy that the Solano County Jail devised or
24 enforced.  Moreover, given the safety concerns referenced in plaintiff's complaint, as well as the
25 legal authority finding that pretrial detainees are not constitutionally entitled to dental floss, it is
26 unclear whether plaintiff can successfully challenge the jail's policy.

27      Plaintiff also names a defendant "Aramark."  Plaintiff does not identify "Aramark," but
28 claims that Aramark could not sell floss due to safety reasons.  (ECF No. 1 at 4.)  To the extent

that Aramark is a company that sells products or provides products for sale to the county jail, such company does not act under color of state law in the context of plaintiff's claims. Moreover, such company would be required to comply with jail policy in terms of what products the jail permits to be sold. Thus, Aramark is not a proper defendant, and should not be included in any amended complaint.

In addition, in the defendants' section of the complaint, plaintiff includes Officer Alicia Ledesma and appeal investigator Bradford as defendants. However, plaintiff did not include such individuals in the caption of his complaint. Plaintiff is advised that he must set forth each individual named as a defendant in the caption of his complaint, as well as the defendants' section of the complaint. See Fed. R. Civ. P. 10(a); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).

Also, plaintiff included no charging allegations as to defendant Ledesma. Plaintiff is advised that he must allege facts demonstrating that defendant Ledesma violated plaintiff's constitutional rights.

Plaintiff alleges that defendant Bradford responded to plaintiff's administrative appeals concerning his inability to obtain dental floss, but failed to respond to plaintiff's appeals concerning his teeth or pain. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff

has no protected liberty interest in the vindication of his administrative claims."). As presently alleged, plaintiff fails to state a cognizable civil rights claim against defendant Bradford.

Finally, liberally construed, plaintiff's allegations that he was denied dental treatment for extreme pain state a claim for denial of adequate dental treatment. However, as set forth above, plaintiff failed to name the individual or individuals directly responsible for the denial of such treatment. Thus, plaintiff is granted leave to amend, and is advised of the following standards governing such claims.

"To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, acting under color of state law, caused the deprivation of a federal right." OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (citations and internal quotation marks omitted). "Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation, internal quotation marks, and alterations omitted). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Id. (citations and internal quotation marks omitted). Dental care is considered a serious medical need. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).

"A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Peralta, 744 F.3d at 1082 (citation and internal quotation marks omitted). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (citation and internal quotation marks omitted). "Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt, 865 F.2d at 200; Shapley v. Nevada Bd. of State Prison Comm'rs,

1  766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002)
2  (delayed dental care did not violate Eighth Amendment because plaintiffs did not show that
3  "delays occurred to patients with problems so severe that delays would cause significant harm").
4        Therefore, for all of the above reasons, the court finds the allegations in plaintiff's
5  complaint so vague and conclusory that it is unable to determine whether the current action is
6  frivolous or fails to state a claim for relief.  The court has determined that the complaint does not
7  contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal
8  Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of
9  the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir.
10 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants
11 engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the
12 requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
13 however, grant leave to file an amended complaint.
14       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
15 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo, 423
16 U.S. at 371.  Also, the complaint must allege in specific terms how each named defendant is
17 involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
18 link or connection between a defendant's actions and the claimed deprivation.  Id.; May v.
19 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.  Furthermore, vague and
20 conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey,
21 673 F.2d at 268.
22       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
23 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
24 complaint be complete in itself without reference to any prior pleading.  This requirement exists
25 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
26 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
27 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
28 ////

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 15, 2015

/pigu1005.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAVIER PIGUES, | No. 2:15-cv-1005 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SOLANO COUNTY JAIL, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

    _____
    Plaintiff