UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAVIER PIGUES,<br><br>            Plaintiff,<br><br>      v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>            Defendants. | No.  2:15-cv-1005 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On July 13, 2016, defendant Solano County Jail filed a motion for summary judgment.  On July 22, 2016, defendants Cristin and Lew filed a motion for summary judgment.  Because plaintiff has failed to oppose those motions, the court will recommend dismissal of this action.

    Pursuant to Local Rule 230(l), plaintiff's opposition to the motions was due within 21 days.  In the court's January 21, 2016 order, plaintiff was advised of the applicability of Local Rule 230(l) and that his failure to timely oppose a summary judgment motion "may be deemed a waiver of opposition to the motion." (ECF No. 14 at 3.)

    On September 23, 2016, well after the expiration of the 21-day periods to file oppositions to defendants' motions, the court noted plaintiff's failure to file oppositions or otherwise respond to defendants' motions and ordered plaintiff to file oppositions within thirty days.  (ECF No. 27.)

Plaintiff was warned that his failure to file oppositions would be deemed consent to have this action dismissed and would result in a recommendation that the action be dismissed. Plaintiff has not filed oppositions to the summary judgment motions or otherwise responded to the court's September 23, 2016 order.

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action "for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986)).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending before the court since May 8, 2015, and defendants filed their motions for summary judgment months ago. Plaintiff's repeated failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no intention to diligently pursue. Notably, the court has warned plaintiff that his failure to file his opposition would result in a recommendation that this action be dismissed. In short, plaintiff's failure to follow the court's orders has made it impossible for this civil action to be adjudicated by the court. Therefore, the undersigned recommends dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants' motion unnecessarily delays resolution of this action thereby forcing defendants to incur additional time and expense. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute

diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure …. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Because all parties have not filed forms consenting to the magistrate judge's jurisdiction, IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this action; and

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge to be assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/Pigu1005.41